# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 23034**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Andrew V. LAWSON**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary[1]

Decided 17 October 2024

————————————

*Military Judge*: Mark F. Rosenow.

*Sentence*: Sentence adjudged 3 February 2023 by SpCM convened at Little Rock Air Force Base, Arkansas. Sentence entered by military judge on 3 March 2023: Confinement for 2 months, forfeiture of $200.00 pay per month for 12 months, and reduction to E-1.

*For Appellant*: Major Spencer R. Nelson, USAF.

*For Appellee*: Colonel Matthew D. Talcott, USAF; Lieutenant Colonel J. Peter Ferrell, USAF; Major Vanessa Bairos, USAF; Captain Tyler L. Washburn, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

[1] Appellant appeals his conviction under Article 66(b)(1)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(b)(1)(A), pursuant to the National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263, § 544, 136 Stat. 2395, 2582–84 (23 Dec. 2022).

———————

PER CURIAM:

A special court-martial composed of a panel of officer and enlisted members found Appellant guilty, contrary to his pleas, of two specifications of wrongful possession of Schedule I controlled substances and two specifications of wrongful introduction of Schedule I controlled substances, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a;[2,3] one specification of unlawful entry, in violation of Article 129, UCMJ, 10 U.S.C. § 929; and one specification of disorderly conduct, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[4,5] The members sentenced Appellant to two months' confinement, forfeiture of $200.00 pay per month for 12 months, and reduction to the grade of E-1. The convening authority took no action on the findings or sentence.

Appellant personally raises two issues on appeal which we have rephrased: (1) whether the Government can prove the 18 U.S.C. § 922 firearms prohibition is constitutional as applied to Appellant and whether this court has jurisdiction to decide that issue; (2) whether the Air Force Office of Special Investigations committed prejudicial misconduct in its investigation of Appellant.[6]

We have carefully considered issue (1) and conclude it warrants neither discussion nor relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987); *United States v. Vanzant*, 84 M.J. 671, 680–81 (A.F. Ct. Crim. App. 2024)

———————

[2] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.) .

[3] All four specifications were part of Charge I. Appellant was found guilty of wrongful introduction of lysergic acid diethylamide (LSD) (Specification 4) and of psilocybin (Specification 5). Appellant also was found guilty of wrongful possession of LSD and psilocybin (Specifications 1 and 2). The military judge "conditionally set aside" the findings of guilty to the possession specifications and "conditionally dismissed [them] without prejudice" if the introduction specifications "surviv[ed] the completion of appellate review." The military judge merged the two LSD specifications and merged the two psilocybin specifications for sentencing.

[4] The military judge "conditionally set aside" the findings of guilty to the disorderly conduct specification and charge and "conditionally dismissed [them] with prejudice" if the unlawful entry specification and charge "surviv[ed] the completion of appellate review." Also, the military judge merged these specifications with each other for sentencing.

[5] Appellant was acquitted of one specification each of wrongful possession and wrongful introduction of a controlled substance (marijuana).

[6] Appellant raises both issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

(holding the 18 U.S.C. § 922 firearm prohibition notation included in the staff judge advocate's indorsement to the entry of judgment is beyond a Court of Criminal Appeals' statutory authority to review).

We also have carefully considered issue (2) and find it also does not require discussion or relief. *See Matias*, 25 M.J. at 361.

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED.**

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court